UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYLER JORDAN TORRES,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

No. 2:16-cv-1624-JAM-EFB P

ORDER GRANTING IFP AND RECOMMENDING DISMISSAL OF ACTION PURSUANT TO 28 U.S.C. § 1915A

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).
4      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 U.S. 662, 679 (2009).
12     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 678.
17     Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
24 **III.     Screening Order**
25     The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it
26 must be dismissed without leave to amend because it fails to state a claim upon which relief could
27 be granted and seeks relief from defendants who are immune from suit.
28 /////

The complaint identifies the State of California, the State Bar of California, and Frank A. McGuire, Clerk of the California Supreme Court, as defendants. According to the complaint, plaintiff has attempted to file a petition with the California Supreme Court requesting that disciplinary action be taken against his attorney. The Clerk of the Court has informed plaintiff that his petition cannot be processed without a final letter from the State Bar of California directing plaintiff to seek review by the California Supreme Court. Plaintiff complains that he cannot get a final letter from the State Bar until a disciplinary hearing is held and disciplinary action is taken against his attorney – precisely the relief he seeks from the California Supreme Court. Plaintiff claims he can only obtain relief from the client security fund of the State Bar once disciplinary action has been taken and he obtains a letter from the California Supreme Court. Plaintiff claims that his First Amendment right to file grievances and access the court has been violated.  He seeks damages and injunctive relief.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right to litigation assistance "is limited to the tools prisoners need in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). (quotations omitted). The right to legal assistance is limited to the pleading stage. *Id.*

Prisoners also have the right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva*, 658 F.3d at 1102. An inmate alleging a violation of this right must show that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions

3

of confinement. *See Lewis*, 518 U.S. at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

It is evident from plaintiff's complaint and its exhibits that he has not been subject to active interference by prison officials or otherwise denied access to the courts in order to attack his sentence or challenge the conditions of his confinement. Rather, plaintiff appears to be dissatisfied with the responses he has received from the California Supreme Court and would like for the California Supreme Court and/or the State Bar to process his complaint against his attorney more quickly so that he may obtain relief from the State Bar's client security fund. These allegations are not sufficient to demonstrate a violation of plaintiff's federal statutory or constitutional rights.[1] And because the allegations do not concern the type of "nonfrivolous legal claim" that is essential to a First Amendment access to the courts claims, amendment in this case would be futile. *See Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a nonfrivolous legal claim ha[s] been frustrated is fatal to [a First Amendment access to courts] claim.") (internal quotations and citations omitted).

Furthermore, the complaint names defendants who are immune from suit. Defendant McGuire, as a court clerk, has "absolute quasi-judicial immunity from damages for civil rights violations [in] perform[ing] tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). This immunity extends to actions for declaratory, injunctive, and other equitable relief. *Id.* at 1394. In issuing responses to plaintiff's filings with the California Supreme Court, defendant McGuire was performing a basic task that is integral to the judicial process, and is therefore immune from suit.

Moreover, the State of California and the California State Bar, as a state agency, are immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*,

---

[1] Moreover, "orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." *Mackay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969). Thus, to the extent plaintiff is asserting a due process claim based upon the state court's decisions regarding plaintiff's complaint against his attorney, this court lacks subject matter jurisdiction.

1  491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)
2  (Eleventh Amendment immunity extends to state agencies); *Hirsh v. Justices of the Supreme*
3  *Court*, 67 F.3d 708, 715 (9th Cir. 1995); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991)
4  (clarifying that Eleventh Amendment does not bar suits against state officials sued in their
5  individual capacities, nor does it bar suits for prospective injunctive relief against state officials
6  sued in their official capacities). Even if plaintiff filed an amended complaint seeking injunctive
7  relief only and naming a proper state official as a defendant, it would still be subject to dismissal
8  because the underlying factual allegations fail to state a claim upon which relief could be granted.
9      For these reasons, the court recommends that the complaint be dismissed without leave to
10 amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se
11 complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
12 the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v.*
13 *United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend
14 even if no request to amend the pleading was made, unless it determines that the pleading could
15 not be cured by the allegation of other facts.").

16 **IV.   Order & Recommendation**

17      Accordingly, IT IS HEREBY ORDERED that:

18   1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
19   2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in
20      accordance with the notice to the California Department of Corrections and Rehabilitation
21      filed concurrently herewith.

22      Further, it is hereby RECOMMENDED that this action be dismissed pursuant to 28
23 U.S.C. § 1915A and the Clerk be directed to close the case.

24      These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
26 after being served with these findings and recommendations, any party may file written
27 objections with the court and serve a copy on all parties. Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE